CIRCUIT COURT FOR MULTNOMAH COUNTY, JUNE TERM, 1871.

## JACOB SHARTLE v. W. I. HUTCHINSON.

SLANDER.—Slanderous words charging an heinous crime, are actionable of themselves.

MAY PLEAD THE TRUTH.—If the words spoken were true, their truth is a plea the defendant has a right to make, and he cannot be blamed for setting it up. But he must take the risk of its truth if he sets it up.

DAMAGES.—If the charge was false, repeating it in the answer is repeating the slander; and is in that case a circumstance proper to be considered by the jury in determining the amount of damages.

The plaintiff claimed $10,000 damages in an action for slander.

The words of the defendant, set out in the complaint, imputed to the plaintiff, *pecatum illud inter christianos non nominandum.*

The answer averred as a defense that the words were true; and in mitigation, that they were spoken under circumstances of great aggravation, and at a time when the defendant was greatly excited.

*Mitchell & Dolph,* for the plaintiff.

*Caples & Moreland,* for the defendant.

The defendant's counsel requested that the charge be given in writing.

The following instructions presented in behalf of the defendant, the court declined to give: " Should the jury find that the plea of justification has not been sustained by the testimony, the fact that such plea has been set up, cannot be considered by the jury in aggravation of damages."

The Court, Upton, J., instructed as follows:

*Gentlemen of the jury:*—In an action for slander, where the alleged slander consists of charging the plaintiff with the commission of a heinous crime, if the words were spoken as alleged, and the charge is not true, the words are actionable of themselves. And if they were falsely spoken of the plaintiff by the defendant, the law implies an intent to injure from the words spoken.

In this case the plaintiff admits that he used the words charged in the complaint, and asserts that the charge is true.

If the charge is true, and the plaintiff was guilty of the crime, that is a plea the defendant has a right to make, and he cannot be blamed for setting it up. But he must take the risk if he sets it up, and if it is false and he sees fit to repeat the charge by placing it on the records of the court, that is an aggravation of the wrong that the jury should consider.

I have been requested to instruct you that "should the jury find that such plea of justification has not been sustained by the testimony, the fact that such plea has been set up cannot be considered by the jury in aggravation of damages." I decline to give this instruction; but on the contrary, instruct you that if the charge was false, repeating it in the answer was repeating the slander, and is in that case a circumstance proper to be considered by the jury in determining the amount of damages.

The defendant has a right, even when he declares the charge is true, to give evidence of circumstances in mitigation of damages. If it is true that the defendant was extremely angry and excited when he made the charge in the first instance, that may be a circumstance worthy of your consideration as affecting the question of damages, and if he believed the charge was true, his belief may be considered for the same purpose, should the evidence satisfy you that he did so believe. But if the charge is false, and he knowing it to be false, has come into court and repeated it in his cool moments, the repetition is in such cases a circumstance in aggravation that overrides any excuse that the excitement of the first occasion might have afforded.

If you think from the evidence that the charge was not true, and yet that the defendant had reason to believe the charge to be true, and did so believe when he made the charge, and still so believes, the circumstances may go to the mitigation of damages, but is not a justification.

It may be considered by the jury in fixing upon the amount of damages, but if the imputed crime is not proved, the defendant's belief cannot be treated as evidence to prevent the plaintiff's right to recover.

If the plaintiff is entitled to recover, the amount of damages is a matter to be determined by the jury.

Witnesses are not permitted to appear and give opinions as to the amount, but the jurors are to act upon their own opinions of what is a reasonable amount to be assessed as damages under the facts proved.

The plaintiff had a verdict for $4,500.